IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHNNY M. RUFFIN, JR.**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **02-049-CJP** |
| ) | |
| **GUY PIERCE and KAREN McKINNEY**, ) | |
| ) | |
| Defendants. ) | |

# ORDER

**PROUD, Magistrate Judge:**

Before the Court is Plaintiff's Motion for Sanctions.  **(Doc. 233)**.  Defendants have filed a Response.  **(Doc. 236)**.

Plaintiff seeks sanctions under **Fed.R.Civ.P. 11(c)** arising out of the filing of Defendants' Motion for Summary Judgment, which is **Doc. 226.**

At the final pre-trial conference, the Court granted the parties leave to file dispositive motions by April 27, 2005.  **See, Doc. 224.**  Defendants filed their motion on April 25, 2005.

Notwithstanding the fact that defendants had leave to file their motion, plaintiff argues that defendants' attorney should be sanctioned because the motion was filed for an improper purpose such as to harass him and/or to cause unnecessary delay.  Plaintiff offers nothing to substantiate his position, except his observation that defendants could have filed their motion earlier.

As defendants point out, plaintiff has not followed the mandatory "safe harbor" procedure of **Rule 11(c)(1)(A)**.

Plaintiff's motion is without merit.  At the final pre-trial conference, in open court, defendants' counsel requested additional time to file a motion.  Plaintiff voiced no opposition at

that time. Defendants filed their motion within the time allowed. The motion for summary judgment is not, on its face, frivolous. Perhaps the motion could have been filed earlier, but the Court notes that plaintiff has sought, and received, leave to file supplements to his pleadings, which he could have filed earlier as well. **See, for example, Docs. 178, 204, 234 and 235**. Further, plaintiff himself filed a motion for summary judgment after the dispositive motion deadline, without leave of court. **See, Doc. 192.**

Upon consideration and for good cause shown, Plaintiff's Motion for Sanctions **(Doc. 233)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE: June 15, 2005.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**