IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHNNY M. RUFFIN, JR.**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. **02-049-CJP**[1] |
| | ) |
| **GUY PIERCE, and KAREN McKINNEY**, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendants' Motion for Summary Judgment with Supporting Brief. **(Doc. 226)**. As plaintiff is pro se, the Court served upon him the notice required by ***Lewis v. Faulkner***, **689 F.2d 100 (7th Cir. 1982)**. **(Doc. 227)**. Plaintiff filed a Response, **Doc. 228**, and an Amended Response, **Doc. 249.** Defendants filed a Reply. **(Doc. 229)**.

### Nature of Plaintiff's Claims

Plaintiff Johnny M. Ruffin is an inmate in the custody of the Illinois Department of Corrections. The operative complaint is the Amended Complaint, **Doc. 45**. Count 5 is the only Count now pending.

Plaintiff is paralyzed on his right side, and uses a wheelchair. In Count 5, plaintiff alleges that defendants Pierce and McKinney implemented, designed, or dictated policies or customs at Pinckneyville which violated the Rehabilitation Act of 1973, **29 U.S.C. §794**, and

---

[1] Upon consent of the parties, this case has been assigned to the undersigned for final disposition pursuant to 28 U.S.C. §636(c). See, Docs. 221 and 223.

1

that correctional officers (and former defendants) Runyon, Sellers, and Poninski enforced the policies against him on February 5, 2001. At that time, Pierce was the Warden and McKinney was the ADA Coordinator at Pinckneyville. Specifically, plaintiff alleges that Pinckneyville follows a policy or custom of confiscating the wheelchair leg supports from disabled inmates in the segregation unit. He asserts that he is being denied access to his leg supports in violation of the Rehabilitation Act.

Defendants Pierce and McKinney are sued in their official capacities only. **Doc. 45, paragraphs 8B and 8C**. Runyon, Sellers, and Poninski were sued in their individual capacities only. **Doc. 45, paragraphs 5, 6, and 7**. Count 5 was dismissed as to Runyon, Sellers, and Poninski because there is no individual liability under the Rehabilitation Act. **See, Doc. 149, pp. 4-5**.

Plaintiff prays for actual and punitive damages. He does not seek prospective injunctive relief. **Doc. 45, p. 6, paragraph V**. Plaintiff now concedes that he cannot recover punitive damages under the Rehabilitation Act. **See, Doc. 249, p. 8.**

### Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c); see,** *Celotex Corporation v. Catrett*, **477 U.S. 317,322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See,** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14**

(1986).

Once the moving party has produced evidence to show that he is entitled to summary judgment, the nonmoving party must affirmatively demonstrate that a genuine issue of material fact remains for trial.  *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir.1996).  In responding to a summary judgment motion, the nonmoving party may not simply reiterate the allegations contained in the pleadings.  "The object of [Rule 56(e) ] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990).

A genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, 106 S.Ct. at 2510, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986).  Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."  *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.

Summary judgment is not barred by the mere existence of some factual dispute. *Anderson*, 477 U.S. at 248; see also, *JPM Inc. v. John Deere Industrial Equipment Company*, 94 F.3d 270, 273 (7th Cir. 1996).  Only disputes as to facts that might affect the outcome of the suit in light of the substantive law are sufficient to defeat summary judgment.  Disputes as to irrelevant or unnecessary facts do not preclude summary judgment.  *Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992).

Even in the absence of a dispute as to the material facts, the moving party must demonstrate that it is entitled to judgment as a matter of law.  "Thus, even where many or all of

the material facts are undisputed, the court still must ascertain that judgment is proper 'as a matter of governing law.' [internal citations omitted]" ***Johnson v. Gudmundsson***, **35 F.3d 1104, 1112 (7th Cir. 1994).**

### Analysis

The Rehabilitation Act states that "No otherwise qualified individual with a disability in the United States ... shall , solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." **29 U.S.C. §794(a)**. The Rehabilitation Act is "materially identical to and the model for the ADA [citation omitted] except that it is limited to programs that receive federal financial assistance." ***Crawford v. Indiana Department of Corrections***, **115 F.3d 481, 483 (7th Cir. 1997) (abrogated on other grounds, see,** ***Erickson v. Board of Governors of State Colleges and Universities***, **207 F.3d 945, 948-949 (7th Cir. 2000).**

Defendants admit that Pinckneyville Correctional Center received federal funding for programs, services and activities in the years 2000 and 2001. **See, Final Pretrial Order, Doc. 222, p. 2**

Defendants argue that they are entitled to summary judgment because plaintiff does not allege that he was denied the benefits of participation in any federally funded program or activity, and that plaintiff can not demonstrate that the alleged denial of his leg supports was based solely on his disability.

Under the plain language of the Act, plaintiff must show that he was denied access to a program or activity for which he was otherwise qualified "solely by reason of her or his disability." Here, Ruffin is claiming that he was denied access to his wheelchair leg supports.

**Doc. 45, paragraphs 43, 46; Doc 222, p. 1**. This is not the type of claim that falls under the Act.

Ruffin's claim fails for two reasons. First, he cannot show that he is "otherwise qualified" to receive the benefit that he claims he was denied, i.e., access to his leg supports. "An otherwise qualified person is one who is able to meet all of a program's requirements in spite of his handicap." ***Southeastern Community College v. Davis*, 442 U.S. 397, 406, 99 S.Ct. 2361, 2367 (1979)**. The "otherwise qualified" requirement means that plaintiff must show that, were it not for his handicap, he would have qualified for the benefit, treatment, or program which he was denied. ***Grzan v. Charter Hospital of Northwest Indiana*, 104 F.3d 116, 120-121 (7th Cir. 1997)**.

It is simply nonsensical to suggest that, were it not for his disability, Ruffin would have qualified for possession of his wheelchair leg supports. On the contrary, if it were not for his disability, Ruffin would not need the wheelchair at all, and could not claim any right to possess it in prison.

Plaintiff takes the position that the failure to provide him access to his "complete wheelchair" is a denial of access to "appropriate medical care." **Doc. 249, p. 5A**. However, the Seventh Circuit has held that claims concerning medical treatment cannot be maintained under the Rehabilitation Act because the plaintiff in such a claim "must prove that he or she was discriminatorily denied medical treatment because of the [handicap] and, at the same time, must prove that, in spite of the [handicap], he or she was 'otherwise qualified' to receive the denied medical treatment. Ordinarily, however, if such a person was not so handicapped, he or she would not need the medical treatment and thus would not 'otherwise qualify' for the treatment."

*Grzan* **104 F.3d at 121, quoting** *Johnson by Johnson v. Thompson*, **971 F.2d 1487, 1493 (10th Cir.1992)**

The Court notes plaintiff's argument that the Rehabilitation Act does, in fact, apply to claims about medical treatment. He cites **Randolph v. Rodgers, 170 F.3d 850 (8th Cir. 1999)**, which concerned a prison's denial of a sign language interpreter for a deaf mute inmate. The Eighth Circuit reversed summary judgment in favor of plaintiff there and remanded for further proceedings; the Court did not hold that the inmate could make a claim under the Rehabilitation Act for denial of medical treatment. **Randolph** is not relevant as the issue there regarding medical treatment was whether the failure to provide an interpreter interfered with the inmate's right to receive medical treatment for any and all conditions. In addition, this Court must follow Seventh Circuit, not Eighth Circuit, precedents.

Ruffin mainly relies upon **Bane v. Virginia Department of Corrections, 267 F.Supp.2d 514 (W.D.Va., 2003)**. The plaintiff in **Bane** alleged that he had been issued a "cuff front" pass due to an injured shoulder, but that officers ignored the pass and cuffed him from behind, causing him injury. **Bane** is neither factually nor legally similar to the case at bar. In any event, a district court case from another circuit has absolutely no precedential effect for this Court.

In addition, plaintiff cannot show that he was discriminated against solely because of his disability. "The word *solely* provides the key: the discrimination must result from the handicap and from the handicap alone." **Mallett v. Wisconsin Division of Vocational Rehabilitation, 130 F.3d 1245, 1257 (7th Cir. 1997) (quoting** *Johnson by Johnson v. Thompson*, **971 F.2d 1487, 1494 (10th Cir.1992)).**

In response to the argument that the alleged denial of his leg supports does not constitute

6

discrimination solely on the basis of his disability, plaintiff argues that, in an earlier Report and Recommendation recommending denial of plaintiff's motion for summary judgment, the Court acknowledged that he had made the assertion that defendants discriminated against him by denying him access to his leg supports. **See, Doc. 249, p. 6.** It is true that plaintiff has made such an assertion. However, at this stage of the litigation, plaintiff cannot "rest upon the mere allegations" of his amended complaint. **Rule 56(e)**. Rather, he must "set forth specific facts showing that there is a genuine issue for trial." *Id*.

Here, plaintiff cannot set forth specific facts showing that the alleged denial of his leg supports is discrimination solely on the basis of his disability. The claim that he is being deprived of the use of the leg supports simply is not a claim of handicap discrimination that could be addressed under the Rehabilitation Act.

The Court notes that plaintiff has attached affidavits of other inmates who say that they are disabled and their leg supports (or wheelchairs) have been confiscated. **See, affidavits attached to Docs. 212 and 213**. Plaintiff asserts that these affidavits establish that disabled inmates are "treated less favorably" than inmates who are not confined to wheelchairs. **Doc. 249, p. 8**. This line of argument only highlights the fact that plaintiff's claim does not fit under the Rehabilitation Act. The treatment of plaintiff and the treatment of non-wheelchair using inmates with respect to access to wheelchair leg supports cannot be compared in any meaningful way. Plaintiff needs the wheelchair and leg supports because of his disability. Non-disabled inmates do not need such equipment. The alleged denial of plaintiff's leg supports does not mean that defendants are treating him less favorably than they treat non-disabled inmates.

In short, plaintiff is not "otherwise qualified" to receive access to his leg supports, and

the alleged denial of the leg supports is not "solely by reason of ... his disability."  Therefore, plaintiff cannot maintain his claim under the Rehabilitation Act, and defendants are entitled to judgment as a matter of law.

For the foregoing reasons, defendants' Motion for Summary Judgment **(Doc. 226)** is **GRANTED**.  Judgment is granted in favor of defendants Guy Pierce and Karen McKinney.

The Clerk of Court is directed to enter judgment in accordance with this memorandum and order.

**IT IS SO ORDERED.**

**DATE:  January 10, 2006.**

> **s/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **U.S. MAGISTRATE JUDGE**